UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. WILLIAMS,

    Petitioner,                                CASE N0. 2:16-CV-12042
                                                  HONORABLE ARTHUR J. TARNOW
v.                                        UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent,
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND THE MOTION FOR AN EXTENSION OF TIME TO FILE A REPLY BRIEF

    Petitioner filed a petition for writ of habeas corpus with this Court on June 3, 2016, seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenged his convictions for second-degree murder and felony-firearm. On July 25, 2016, respondent filed an answer to the petition.

    On August 1, 2016, petitioner filed a motion to amend the petition for writ of habeas corpus. On August 30, 2016, petitioner filed a motion for an extension of time to file a reply brief. Respondent has not responded to either motion.

    For the reasons stated below, the motions are **GRANTED.**

**I. The motion to amend the petition is GRANTED.**

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations ommitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F. 3d at 342.

The Court will permit petitioner to amend his habeas petition. Petitioner's proposed amended habeas petition alleges additional support for the claims he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995).

**II. The motion for an extension of time to file a reply brief is GRANTED.**

Petitioner filed a motion for an extension of time to file a reply brief to respondent's answer.

*Williams v. Jackson,* 16-CV-12042

The Court grants petitioner ninety days from the date of this order to file a traverse or reply brief to the respondent's answer. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

### ORDER

**IT IS ORDERED** that:

(1) the Motion to Amend the Petition for Writ of Habeas Corpus [Dkt. # 8] is **GRANTED.**

(2) Petitioner has **ninety (90) days** from the date of this order to file a reply brief.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 8, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 8, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

3