**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHNNY L. WILLIAMS,

    Petitioner,                              CASE N0. 2:16-CV-12042
                                                     HONORABLE ARTHUR J. TARNOW
v.                                               UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION, DENYING THE MOTION FOR APPEAL BOND, AND DENYING A CERTIFICATE OF APPEALABILITY FROM THE DENIAL OF THE MOTION FOR RECONSIDERATION**

On April 26, 2017, this Court denied petitioner a writ of habeas corpus, declined to issue a certificate of appealability, and granted leave to appeal *in forma pauperis*. *Williams v. Jackson,* No. 2:16-cv-12042, 2017 WL 1493012 (E.D. Mich. Apr. 26, 2017).

Petitioner has filed a motion for reconsideration and a motion for an appeal bond. For the reasons that follow, the motions are DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004);

1

*Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008). This Court denies petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

Petitioner filed a motion for release on bond.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th

Cir. 1984). By implication, a federal court should not grant bail under other circumstances. Petitioner failed to establish that he is entitled to habeas relief; he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

**IT IS ORDERED THAT:**

(1). The motion for reconsideration [Dkt. # 15] is **DENIED**.

(2) The motion for appeal bond [Dkt. # 14] is **DENIED**.

(3) A certificate of appealability is **DENIED**.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: June 12, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 12, 2017, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Assistant